**\*\*E-filed 05/20/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JAMES WILLIAM FROST

    Plaintiff,

v.

PITE DUNCAN LLP, et al.,

    Defendants.

No. C 09-5780 RS

**ORDER GRANTING MOTIONS TO DISMISS**

## I. INTRODUCTION

Plaintiff[1] contends that he is the victim of a wrongful foreclosure sale and an improper attempt to evict him from his home through an unlawful detainer action. He names as defendants three groups: (1) the attorneys prosecuting the unlawful detainer action, (2) the Sonoma County Superior Court and the particular judge presiding over the unlawful detainer, and (3) the Sonoma County Sheriff's Department. Each group moves separately to dismiss. A telephonic hearing was held on May 20, 2010 in which Frost and counsel for all defendants except the Superior Court and its judge participated. Because Frost's claims are not cognizable as to any of these defendants, the motions will be granted.

---

[1] In some, but not all, instances plaintiff writes his name as "James-William: Frost." This order will refer to him simply as "Frost."

## II.  BACKGROUND

Frost initially filed this action in the District of Columbia, asserting that it "is the only common law court in the United States of America." Observing that the defendants are located in California and that the controversy arises from an unlawful detainer action in Sonoma County Superior Court, the District of Columbia court *sua sponte* ordered the matter transferred here.  Frost appears now to accept that this Court has jurisdiction of matters that may involve the common law.

Frost alleges that he originally took out a home loan with Homecomings Financial, but that the loan was subsequently sold to Aurora Loan Servicing, LLC.  Although not all of Frost's contentions are entirely clear, his basic position is that Aurora did not have the legal right to foreclose for at least three reasons: (1) Aurora was a "stranger to the transaction" between him and Homecomings and therefore lacks a right of "subrogation,"  (2) Aurora has not shown it is in possession of the original promissory note Frost executed, and (3) Aurora did not obtain a court order before holding the foreclosure sale.[2]

Less than a week prior to the hearing, Frost filed written opposition to the motions to dismiss brought by the attorneys who prosecuted the unlawful detainer and by the Superior Court.  In both cases, the oppositions largely only repeat the material from the original complaint; they do not directly address defendants' motions.  Frost has not responded to the Sheriff's motion to dismiss at all.

## III.  DISCUSSION

It is far from clear that Frost has alleged any facts to support a claim that there was anything improper with either the foreclosure or the subsequent unlawful detainer action.  His argument that a court order is required before any foreclosure sale is incorrect, as noted.  His contention that Aurora had to be in possession of the original promissory note is a claim that the courts routinely reject. See

---

[2]  This final argument appears to be based on a simple misreading of California Civil Code section 2924. That section prohibits the exercise of a power of sale contained in a deed of trust without a prior court order *unless* various procedures are followed.  The section thereby authorizes and creates a system for "non-judicial" foreclosures in California that can properly go forward without a court order.

2

*Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D.Cal. 2009)("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust.")  Frost's arguments about the supposed lack of a successor's right to foreclose are not fully intelligible and do not appear tenable.

Even assuming, however, that Frost might be able to challenge the validity of the foreclosure sale in an action brought against Aurora or some other party, the claims he seeks to bring against these defendants are barred.  Frost alleges no facts, and there is no reason to believe he ever could, that would support imposing liability on the Superior Court or one of its judges.  See *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . .")  The state court and its judge are also immune to suit for damages in federal court by virtue of the Eleventh Amendment.

As to the attorneys who prosecuted the unlawful detainer action, Frost similarly has not alleged, and cannot be expected to allege, anything sufficient to give rise to a viable federal claim against them. The Ninth Circuit has held that non-judicial foreclosures, conducted pursuant to the procedures established by a state's non-judicial foreclosure statute, do not involve state action and, thus, do not implicate the Fourteenth Amendment. *Apao v. Bank of New York,* 324 F.3d 1091, 1095 (9th Cir. 2003); *Davidow v. Lachman Bros. Inv. Co.,* 76 F.2d 186, 188 (9th Cir. 1935) (non-judicial foreclosure conducted pursuant to California Civil Code § 2924 did not involve state action and thus did not confer federal jurisdiction).  To the extent Frost's claims are based on the institution of the unlawful detainer action, there is nothing to suggest he can avoid the bar of the litigation privilege provided in California Code of Civil Procedure section 47(b).

Finally, Frost has not opposed the motion to dismiss brought by the Sonoma County Sheriff's Department.  Among other arguments, the Department contends it had been named only because Frost was attempting to prevent his eviction, and now that the eviction has been carried out, the naming of the Department is moot.  By not opposing the motion, it appears Frost agrees, but in any event there is no basis for Frost to pursue a claim against the Department at this juncture.

## IV.  CONCLUSION

The motions to dismiss are granted, without leave to amend.  The dismissal of this action, however, is without prejudice to any claims Frost may have against persons other than the defendants named herein arising from the events alleged herein.

IT IS SO ORDERED.

Dated: 05/20/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE